[Crim. No. 1862. First Appellate District, Division One.—October 7, 1935.]

In the Matter of the Application of ANDREW J. GALLAGHER for a Writ of Habeas Corpus.

Anthony S. Devoto, C. H. Sooy and J. H. Sapiro for Petitioner.

Matthew Brady, District Attorney, and Joseph T. O'Connor and John R. Tyrell, Deputies District Attorney, for Respondent.

THE COURT.—*Habeas Corpus.* It appears from the record that petitioner was on the fourth day of September, 1935, regularly served with a subpoena to appear before the grand jury of the city and county of San Francisco as a witness in a criminal investigation. On said day and prior

thereto said grand jury was engaged in an inquiry into criminal offenses alleged to have been committed by members of the police department, consisting of receiving bribes from proprietors of lotteries, houses of prostitution, and similar unlawful activities. Petitioner, in response to said subpoena, appeared before the grand jury. He was then interrogated as to certain statements he had made which appeared in the public press to the effect that certain police officers were receiving money to permit these evils and violations to continue in the city. He declined to answer any questions on the ground that the police department itself was conducting the examination, and that the inquiry would amount to nothing. On September 19th Honorable Daniel C. Deasy, presiding judge of the superior court, made an order to show cause why he should not be required to answer each and every interrogatory propounded to him by the members of the grand jury, and why he should not be punished for contempt in refusing to answer the same. Petitioner appeared in response to said order *in propria persona*. The court advised him he would have to answer the questions, and then explained the nature of the inquiry and by whom it was being conducted, the court stating in substance in this regard that if petitioner's only reason for refusing to testify was based upon the claim, as indicated by a letter written by him, "that an examination by the Grand Jury would be an examination of the Police Department by itself, all I can say is that it is not true . . . " In response thereto petitioner replied that, if he was permitted to say anything in his own behalf, the statement by the judge was so palpably incorrect that he was surprised it was made. For this remark he was adjudged guilty of contempt of court and committed to the county jail for a period of five days.

 We see nothing in the remark of petitioner that can possibly be construed as a contempt. He appeared *in propria persona* to the citation, and if in his opinion the court was in error as to the facts it surely cannot be held a contempt of court to so inform the court. It is admitted that petitioner was at all times temperate and respectful in his demeanor. To state that a judge is misinformed as to facts, without more, does not constitute a contempt.

The petitioner is discharged and his bail exonerated.